604 PEOPLE ex rel. CRYSTAL WATER CO. *v.* COLER.

SECOND DEPARTMENT, MARCH TERM, 1899. [Vol. 38.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CRYSTAL WATER COMPANY of Edgewater, Relator, Appellant; *v.* BIRD S. COLER, as Comptroller of the City of New York, and Others, Respondents.

*Certiorari — within what time the writ must be applied for — review of an assessment levied in Richmond county.*

Chapter 286 of the Laws of 1896, which is a special act relating to assessments for taxation in the county of Richmond, is to be read in connection with chapter 269 of the Laws of 1880, the General Tax Law, in existence at the time of its passage, in contemplation of whose provisions it was passed.

Under the former statute, the fifteen days within which a person seeking to review an assessment levied in that county in 1897 must apply for a writ of certiorari, is to be computed from the time that the roll is filed in the office of the board of county assessors, and notice of that fact is posted; and it is not necessary that such roll should be filed in the office of the town or city clerk, as prescribed in section 38 of the General Tax Law (Laws of 1896, chap. 908), in order to limit, under section 251 of that act, the time within which application for the writ of certiorari must be made.

The rule of procedure prescribed by chapter 269 of the Laws of 1880 is, in so far as it is adopted by chapter 286 of the Laws of 1896, continued in force by the latter act, notwithstanding the fact that the act of 1880 was repealed by chapter 908 of the Laws of 1896.

APPEAL by the relator, the Crystal Water Company of Edgewater, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Richmond on the 3d day of January, 1899, vacating and setting aside a writ of certiorari issued to review the action of the defendants in assessing the personal property of the relator for the year 1897.

*Edward B. Hill*, for the appellant.

*William J. Carr*, for the respondents.

Order affirmed, with ten dollars costs and disbursements, on the opinion of WARD, J., at Special Term.

All concurred.

The following is the opinion of WARD, J., at Special Term:

FREDERIC A. WARD, J.:

The application for the writ of certiorari herein does not seem to have been made within the time prescribed by law.

PEOPLE ex rel. CRYSTAL WATER CO. *v.* COLER. 605

App. Div.] SECOND DEPARTMENT, MARCH TERM, 1899.

The assessment roll was filed in the office of the board of assessors of the county of Richmond on October 30, 1897, and public notice thereof given on that day, but the writ of certiorari was not applied for until July 18, 1898.

Section 8 of the Laws of 1892, chapter 489, as amended by chapter 286 of the Laws of 1896, which is a special act relating to the county of Richmond, provides that "in the county of Richmond the time when the completed assessment rolls shall be delivered to the proper officer, to remain with him for a period of fifteen days for public inspection, shall be on or before the first day of November, and the proper public officer shall be deemed to be the board of county assessors at their office."

This act, which prescribes the time and place of filing the completed assessment rolls in the county of Richmond, was made in contemplation of the general act of 1880 (Laws of 1880, chap. 269), and must be read in connection with the provisions of that act.

Section 9 of the act of 1880 provides that "All assessment rolls, when finally completed and verified by the assessors, shall in towns, on or before the first day of September, and in incorporated villages and cities at the time prescribed by their respective charters, or laws applicable to them, be delivered to the town, village or city clerk, or other officer to whom such rolls are, or may be required by law to be delivered, and there to remain with such clerk or other officer for a period of fifteen days for public inspection. * * * The fifteen days from which to complete the time within which the application for the writ of certiorari can be made under this act shall be the time when said public notice is first given."

The special act of 1896, above referred to, expressly preserved "all remedies now afforded by law to owners of property for erroneous assessments or valuations * * * subject to the changes made therein hereby" (§ 8), and repealed all acts "inconsistent with or repugnant to the provisions of this act so far as the same affects the county of Richmond" (§ 13).

This special act became a law before the General Tax Law (Laws of 1896, chap. 908), which repealed the pre-existing general law (Chap. 269, Laws of 1880) and required "the assessment roll, when thus completed and verified, to be filed on or before September first in *the office of the town or city clerk*, there to remain for fifteen days for

public inspection," etc. (§ 38), and limited the time for applying for a writ of certiorari to "fifteen days after the completion and filing of the assessment roll and the first posting or publication of the notice thereof, *as required by this chapter*" (§ 251).

The relator claims that the completed assessment roll in this action was never properly filed, for the reason that it was not filed in the office of the town or city clerk, as provided by the General Tax Law of 1896, last cited, and that, in order to limit the time within which a writ of certiorari might be applied for, the assessors of Richmond county should have complied with the provisions of section 251 of said General Tax Law of 1896, and that no other filing than that prescribed by the general law could be effectual to limit the period within which the relator must apply for the writ.

The adoption of this construction would bring the provisions of the general law in conflict with those of the special act relating to the county of Richmond which the former did not repeal.

The rule of procedure prescribed by the act of 1880 was in existence when the special act of 1896 (Chap. 286) was passed, and has been continued in force by that act, so far as the latter referred to and adopted it, although the earlier act was afterwards repealed. (Endl. Interp. Stat. ¶ 492.)

The assessment roll was properly filed on the 30th day of October, 1897, in the office of the board of the county assessors of the county of Richmond, and the notice on that day posted limited the time to apply for a writ of certiorari to fifteen days from the time when such public notice was first given.

It follows that the time prescribed by law having expired before application was made for this writ of certiorari, the motion to vacate said writ must be granted for this reason without considering the objections made to the sufficiency of the petition upon which the writ was based.